**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOLENE R. STINSON, | ) |
|     Plaintiff, | ) Case No.: 3:19-cv-00334-WGC )|
|     v. | ) **ORDER ON STIPULATION AWARDING** ) **ATTORNEY FEES UNDER THE EQUAL** ) **ACCESS TO JUSTICE ACT, 28 U.S.C. §** |
| ANDREW SAUL, Commissioner of Social Security, | ) **2412(d)** ) |
|     Defendant. | ) ) |

IT IS STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff Jolene R. Stinson be awarded attorney fees and expenses in the amount of NINE THOUSAND DOLLARS AND 61 CENTS ($9,000.61) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560

1

U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff.  Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[1], and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

                                                    Respectfully submitted,

                                                    Osterhout Berger Disability Law, LLC

Dated:  November 16, 2020                */s/ Karl E. Osterhout by Chantal R. Jenkins\**
                                                    Karl E. Osterhout
                                                    As authorized *via* email by Lori A. Nypaver on
                                                    November 15, 2020
                                                    Attorney for Plaintiff

Dated:  November 16, 2020                MCGREGOR W. SCOTT
                                                    United States Attorney
                                                    DEBORAH LEE STACHEL
                                                    Regional Chief Counsel, Region IX

---

[1] The parties settled as to the number of hours on the attached time sheet.

Social Security Administration

By: */s/ Chantal R. Jenkins*
CHANTAL R. JENKINS
Special Assistant United States Attorney

IT IS SO ORDERED:

*William G. Cobb*
UNITED STATES MAGISTRATE JUDGE

DATED: November 17, 2020

3